## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| HENRY MARSHALL ROWLAND, | : | |
| Plaintiff | : | |
| VS. | : | |
| Captain BOBBY MILFORD, *et al.*, | : | NO. 3:11-CV-122-CDL-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **HENRY MARSHALL ROWLAND**, a prisoner at the Hart County Jail (the "HCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has paid the required initial partial filing fee of $6.80, plus an additional $.20. Plaintiff will be obligated to pay the unpaid balance of $343.00, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order to the business manager of the HCJ.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28

U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff claims that he was denied appropriate medical care for a back injury he suffered when he slipped and fell in a puddle caused by a leaking pipe.  Plaintiff states that he was left lying on the floor following his fall for approximately 30 minutes, until Defendant "on-call" Nurse Evans arrived at the HCJ.  Nurse Evans allegedly examined Plaintiff and said his injury was probably only a muscle strain.  She gave Plaintiff two Motrin and sent him back to the dorm.

The following day, Plaintiff was hurting so badly he allegedly could not walk, yet he was transferred to the Franklin County Detention Center ("FCDC").  Plaintiff complains that he received no medical care during his four-day stay at the FCDC because he was not a FCDC inmate.  While Plaintiff was at the FCDC, Plaintiff's sister complained to Defendant Sheriff Mike Cleveland about Plaintiff's lack of medical care.  Upon Plaintiff's return to the HCJ, Sheriff Cleveland told Plaintiff he had a doctor's appointment scheduled for the next day.  The doctor allegedly informed Plaintiff that he had two ruptured discs in his back and extreme muscle trauma.  The doctor gave Plaintiff two medications and told him to return for a follow-up visit, which Plaintiff complains never occurred.

Defendant Captain Bobby Milford allegedly refused to provide Plaintiff with his x-ray and other test results and said to Plaintiff, "Get you a lawyer, ain't nothing wrong with you."  Plaintiff claims that his back gave out twenty days later and that he was left on the floor for over an hour.  According to Plaintiff, Captain Milford instructed his staff to place Plaintiff on a mattress and drag

him into his cell. Paramedics were called and they, along with the Captain and his officers, dragged Plaintiff into his cell.

In addition to Nurse Evans, Sheriff Cleveland, and Captain Milford, Plaintiff sues Nurse Mike Adams. Plaintiff does not, however, allege any facts regarding Nurse Adams.

### III. DISCUSSION

#### A. Slip and Fall Accident

Plaintiff names no responsible Defendants for the leaking pipe that caused in his accident. In any event, mere negligence on the part of prison officials resulting in injury to an inmate does not constitute a constitutional violation. ***Daniels v. Williams***, 106 S. Ct. 662 (1986). To amount to a violation of the Constitution, the officials' actions must be deliberate or reckless in the criminal sense. ***Whitley v. Albers***, 475 U.S. 312 (1986). Plaintiff himself characterizes the incident as an accident. Regardless of Plaintiff's characterization, he has alleged no facts supporting liability based upon mere negligence. ***Hill v. Shobe***, 93 F.3d 418, 421 (7th Cir. 1996) ("[a]llegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness"). While Plaintiff may thus have a cause of action in state court for negligence, he has not alleged a colorable constitutional violation under section 1983. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's claims relating to the accident itself be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Medical Claims

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992).[1] In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." The *Estelle* test is two pronged: (1) the prisoner's medical needs must be serious; and (2) there must be deliberate indifference on the part of the defendants. As to the second element, the prisoner must show some purposeful or intentional denial of necessary medical treatment, or at least that the treatment given was so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988). The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. *Id; see also Howell v. Evans*, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 (1994).

Even assuming that Plaintiff's condition constitutes a serious medical need, he has failed to allege deliberate indifference on the part of the Defendant Nurses and Sheriff Cleveland. Plaintiff makes no allegations whatsoever against Nurse Mike Adams. The United States Court of Appeals

---

[1] It is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner. Such distinction is irrelevant as the Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985); *see also Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985).

for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. ***Douglas v. Yates***, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing ***Pamel Corp. v. P.R. Highway Auth***., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Although Plaintiff complains about the treatment provided by Nurse Evans, she saw Plaintiff within thirty minutes and gave him Motrin for his pain. Plaintiff may disagree with the treatment Evans provided, but at most, his allegations might support a claim of malpractice under state law. Similarly, Plaintiff merely alleges that Sheriff Cleveland talked to Plaintiff's sister and then scheduled a doctor's appointment for Plaintiff the following day. There is thus no indication that Evans or Cleveland were deliberately indifferent to Plaintiff's medical needs. It is therefore **RECOMMENDED** that Plaintiff's claims against Nurses Adams and Evans and Sheriff Cleveland be **DISMISSED WITHOUT PREJUDICE**.[2]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

Plaintiff's allegations against Captain Bobby Milford are somewhat conclusory. Construing the complaint liberally in favor of Plaintiff, however, as this Court is required to do at this juncture,

---

[2] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. ***Duff v. Steub***, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

Plaintiff appears to have alleged colorable claims against this Defendant. The Court will therefore allow the complaint to proceed against Captain Milford.

In light of the foregoing, it is hereby **ORDERED** that service be made on above Defendant, and that he file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is

represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the

date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county

wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 22nd day of November, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge