IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| HENRY MARSHALL ROWLAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 3:11-CV-122 (CDL) |
| | : | |
| CAPTAIN BOBBY MILFORD, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant Bobby Milford's Motion for Summary Judgment. Doc. 14. Plaintiff Henry Marshall Rowland did not respond to the Motion for Summary Judgment despite the Court's prior order directing him to do so. Doc. 17. Because Defendant has shown that there are no genuine issues of material fact regarding Plaintiff's claim of deliberate indifference to serious medical needs and that Defendant is entitled to judgment as a matter of law, it is hereby **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL HISTORY

On August 31, 2011, Plaintiff Henry Marshall Rowland filed his *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Sheriff Mike Cleveland, Captain Bobby Milford, Nurse Evans, and Nurse Adams were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Doc. 1. Specifically, Plaintiff claimed that he was denied appropriate medical care for his injured back during his incarceration at the Hart County Jail (the Jail). Id. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with his claims against Defendant Milford only. Docs. 6, 12.

1

On May 25, 2012, following the close of discovery, Defendant filed his Motion for Summary Judgment. Doc. 14. On May 29, 2012, the Court ordered Plaintiff to respond to the Motion for Summary Judgment within twenty-one days. Doc. 17. To date, Plaintiff has not responded to Defendant's Motion for Summary Judgment.[1] Consequently, it appears that Plaintiff has abandoned his claims. Nonetheless, before entering summary judgment for Defendant, the Court must ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Because Plaintiff did not respond to the Motion for Summary Judgment, the Court accepts and relies upon the assertions contained in Defendant's evidence submitted in support of the Motion for Summary Judgment. The Court must view this evidence and all factual inferences drawn from this evidence in the light most favorable to Plaintiff. Viewed in the light most favorable to Plaintiff, the facts of this case are as follows:

On July 7 or 8, 2011, while incarcerated at the Jail, Plaintiff slipped and fell in a puddle caused by a leaky pipe. Pl. Comp. (Doc. 1). After his fall, Plaintiff received medical care from Nurse Evans and Doctor Williams. Id. When Plaintiff attempted to obtain copies of x-ray results and other medical records from Defendant Milford, the jail commander, Defendant allegedly told Plaintiff, "get you a lawyer, ain't nothing wrong with you." Id. According to Plaintiff, when his back gave out again twenty days later, he was left on the floor for over an hour. Id. After an official at the JAIL called Defendant, Defendant allegedly instructed Jail officials "to put [Plaintiff] on a mattress and drag him in the room." Id. Defendant subsequently arrived at the Jail and called local paramedics. Id. After the paramedics arrived at the Jail, they put Plaintiff on a

---

[1] According to the civil docket, Plaintiff's most recent filing in this case occurred on December 7, 2011, when Plaintiff filed a notice of change of address. Doc. 11. Since that date, Plaintiff has not filed any pleadings in this case, and no documents mailed to Plaintiff have been returned as undeliverable.

mattress and moved him to his cell. Id. Plaintiff alleges that he received inadequate medical treatment during his incarceration at the Jail and that he continues to experience severe back pain. Id.

During the period at issue, Hart County contracted with Integrative Detention Health Services, Inc. (IDHS) to provide medical care for inmates and detainees at the Jail. Milford Aff. (Doc. 14-1); Bailey Aff. (Doc. 14-3). Under the contract, IDHS personnel were available to speak with Jail officials by telephone twenty-four hours a day, seven days a week. Bailey Aff. (Doc. 14-3). IDHS personnel also routinely visited the Jail to provide in-person medical treatment. Id. Additionally, IDHS personnel supplied the Jail with inmate medical request forms for inmates and detainees to describe their medical problems. Id. Medical records for inmates and detainees were maintained by IDHS personnel, and Jail officials were unable to access any inmate or detainee's medical records, which were kept under lock and key. Milford Aff. (Doc. 14-1). When inmates or detainees experienced medical problems, Jail officials were trained to call IDHS personnel for instructions about how to address the medical problem. Milford Aff. (Doc. 14-1); Davis Aff. (Doc. 14-2).

Between June 24, 2011 and September 27, 2011, Plaintiff completed nine separate inmate medical request forms, and IDHS personnel met with Plaintiff on twelve separate occasions. Request Forms (Doc. 14-3 at 5-13); Progress Records (Doc. 14-3 at 14-17). On June 24, 2011, IDHS personnel met with Plaintiff after Plaintiff complained about experiencing severe back and hip pain as a result of an injury he suffered approximately two or three months before. Request Form (Doc. 14-3 at 5); Progress Record (Doc. 14-3 at 14). After the examination, IDHS personnel prescribed medication for Plaintiff. Id. On July 6, 2011, IDHS personnel examined Plaintiff after he claimed to have fallen in some water at the Jail. Progress Record (Doc. 14-3 at

14).[2] At this time, IDHS personnel prescribed two different types of medication, an additional mattress, and an ice pack for Plaintiff. Id. On July 12, 2011, IDHS personnel met with Plaintiff after he complained about lower back pain, and IDHS personnel continued to prescribe two different types of medication and an additional mattress for Plaintiff. Medical Request Form (Doc. 14-3 at 6).

On July 13, 2011, Plaintiff was examined by Dr. Williams at his medical office in Lincolnton, Georgia. Bailey Aff. (Doc. 14-3); Encounter Form (Doc. 14-3 at 18). During his appointment with Plaintiff, Dr. Williams administered an injection, recommended that a warm compress be applied the following day, and indicated that further treatment would be undertaken on an as-needed basis. Id. According to Plaintiff's third and fourth inmate medical request forms, which are dated July 21, 2011 and July 26, 2011, Plaintiff requested additional treatment for his back pain, but Plaintiff refused to meet with IDHS personnel at the Jail. Request Forms (Doc. 14-3 at 7-8); Progress Records (Doc. 14-3 at 14-16). On July 26, 2011, Plaintiff refused to comply with the instructions of IDHS personnel, stated that the provider from IDHS was a "quack," and threatened to sue the Jail. Progress Record (Doc. 14-3 at 16).

IDHS personnel again met with Plaintiff about his back pain on August 5, 2011 and August 9, 2011. Id. On August 5, 2011, IDHS personnel prescribed additional medication for Plaintiff, and on August 9, 2011, Plaintiff requested back surgery. Id. After August 9, 2011, there is no indication in the inmate medical request forms or the progress notes that Plaintiff sought any further medical treatment from IDHS personnel for his injured back. Request Forms (Doc. 14-3 at 12-13); Progress Records (Doc. 14-3 at 16-17). Instead, Plaintiff sought medical treatment from IDHS personnel only for swelling associated with a possible spider bite. Id.

---

[2] After examining Plaintiff on July 6, 2011, IDHS personnel noted that "no water found on [patient's] feet or clothing. Also officer witnessed inmate making his bed." Progress Record (Doc. 14-3 at 14).

## LEGAL STANDARDS

Summary judgment is proper if the evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993). The evidence and factual inferences made from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to the motion for summary judgment. A reviewing court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). When considering the merits of an unopposed motion for summary judgment, the reviewing court:

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-1102. Stated another way, the reviewing court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must also review the movant's citations to the record and confirm that there are no issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record." FED. R. CIV. P. 56(c).

## DISCUSSION

Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs by failing to provide him with adequate medical treatment during Plaintiff's incarceration at the

5

Jail. Plaintiff, however, fails to show that any genuine issue of material fact remains regarding the adequacy of his medical treatment. Because IDHS personnel regularly met with and cared for Plaintiff during his incarceration at the Jail, and because Plaintiff has not shown that Defendant was deliberately indifferent to his serious medical needs, Defendant is entitled to judgment as a matter of law.

To create genuine issues of material fact, Plaintiff must point to evidence that Defendant was deliberately indifferent to Plaintiff's serious medical needs. Because Plaintiff was a pretrial detainee at the JAIL, his claims must be examined under the Due Process Clause of the Fourteenth Amendment. Snow ex rel. Snow v. City of Citronelle, Ala., 420 F.3d 1262, 1268 (11th Cir. 2005). The standards to establish a deliberate indifference claim under the Fourteenth Amendment, however, are identical to the standards under the Eight Amendment. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005).

To establish deliberate indifference, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim, the prisoner must show that an injury was caused by the defendant's wrongful conduct. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

6

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. A prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. Estelle, 429 U.S. at 105.

In this case, the record demonstrates that IDHS personnel provided Plaintiff with adequate medical treatment during his incarceration at the Jail. When Plaintiff completed inmate medical request forms, IDHS personnel promptly responded to his requests for medical care. Request Forms (Doc. 14-3 at 5-13). According to Plaintiff's medical records, not only did IDHS personnel examine Plaintiff on twelve separate occasions between June 24, 2011 and September 27, 2011, but IDHS personnel also routinely prescribed Plaintiff with medications and other remedies, such as, an extra mattress, to treat his injured back. Progress Records (Doc. 14-3 at 14-17). Plaintiff also traveled from the Jail to Dr. Williams' office in Lincolnton, Georgia, where Plaintiff received an injection for his back pain, a few days after he allegedly fell at the Jail. Bailey Aff. (Doc. 14-3); Encounter Form (Doc. 14-3 at 18). Insofar as Plaintiff believed that a different course of treatment would have been preferable or that he should have surgery to alleviate his back pain, such a course of treatment claim is not sufficient to establish deliberate indifference. See Estelle, 429 U.S. at 105.

Additionally, the record does not contain any genuine issues of material fact regarding Plaintiff's deliberate indifference claim against Defendant. In his complaint, Plaintiff specifically alleges that Defendant failed to provide Plaintiff with copies of his medical records and that Defendant instructed jail staff "to put [Plaintiff] on a mattress and drag him in the room" when Plaintiff's back gave out a second time. Pl. Comp. (Doc. 1). Contrary to Plaintiff's cursory allegations, however, there is no evidence that Defendant was deliberately indifferent to Plaintiff's serious medical needs. Assuming for the sake of argument that Plaintiff alleged an objectively serious medical need, Plaintiff wholly fails to allege facts tending to show that: (1) Defendant had subjective knowledge of a risk of serious harm; (2) Defendant disregarded that risk; and (3) Defendant's conduct amounted to more than mere negligence. See McElligott, 182 F.3d at 1255.

The record demonstrates that Defendant, who worked as the jail commander at the Jail, had no medical training and that Defendant deferred to IDHS personnel concerning the medical treatment of all inmates and detainees. Milford Aff. (Doc. 14-1). Regarding Plaintiff's first claim, Defendant concedes that Plaintiff requested copies of his medical records. Id. Defendant states, however, that he told Plaintiff that he did not have access to that information and that if Plaintiff wished to obtain copies of his medical records, Plaintiff needed to contact IDHS. Id. Regarding Plaintiff's second claim, Michael Davis, an official at the Jail, observed Plaintiff lying on the floor on July 31, 2011. Davis Aff. (Doc. 14-2). After Davis checked on Plaintiff, he called Defendant for advice. Id. Defendant instructed Davis to call IDHS. Milford Aff. (Doc. 14-1); Davis Aff. (Doc. 14-2). IDHS personnel instructed Davis to roll Plaintiff on a mattress and drag Plaintiff back to his cell until he could be examined by IDHS personnel. Davis Aff. (Doc. 14-2). When Defendant arrived at the Jail and learned that Plaintiff refused to allow Jail officials to

8

move him as instructed by IDHS personnel, Defendant Milford called local paramedics. Milford Aff. (Doc. 14-1); Davis Aff. (Doc. 14-2). After the paramedics arrived, they put Plaintiff on a mattress and moved him to his cell. Milford Aff. (Doc. 14-1). Even after viewing the evidence in the record and all reasonable inferences in the light most favorable to Plaintiff, there is no specific evidence tending to show that Defendant was deliberately indifferent to Plaintiff's serious medical needs. As a result, Defendant is entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff has not shown that there are genuine issues of material fact regarding Defendant's alleged deliberate indifference to his serious medical needs, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 30th day of January, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge